IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JEROME ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-033 |
| | ) | |
| MS. OLIVER, Nurse Practitioner; | ) | |
| DEPUTY WARDEN GIBBONS, Security; | ) | |
| ANTHONY CALDWELL, Warden; | ) | |
| MS. CARSWELL, Mail Officer; | ) | |
| MS. MESSER, Deputy Warden of | ) | |
| Administration; MS. BRAGGS, Chief | ) | |
| Counsel; AGENTS; JOHN AND OR | ) | |
| JANE DOES, Johnson State Prison; | ) | |
| JOHN AND OR JANE DOES, Medical | ) | |
| Administrator; and OFFICER THOMAS, | ) | |
| | ) | |
| Defendants.[1] | ) | |

_____

**O R D E R**
_____

Plaintiff is proceeding *pro se* and moves for the appointment of counsel, arguing that prison officials are slow to deliver his mail, and he has another case pending in the Middle District of Georgia on which he uses some of his writing supplies. (Doc. no. 23, p. 11.)

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see

---

[1]The Court **DIRECTS** the **CLERK** to update the names and titles of Defendants Oliver, Gibbons, Messer, and Braggs in accordance with the caption, which is consistent with Plaintiff's amended complaint. (Doc. no. 23, pp. 1-4.)

also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified the appointment of counsel where the suspect conduct of prison officials hindered prisoner plaintiff's ability to present the essential merits of his case and, additionally, where such appointment would alleviate security concerns and help sharpen the issues).

Here, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to communicate with the Court and present the merits of his case, as evidenced by his numerous filings and compliance with Court orders, including the direction to file an amended complaint. (See doc. nos. 4, 5, 10, 13, 15, 18-19, 21-23.) Moreover, Plaintiff's choice to pursue simultaneously more than one lawsuit at a time does not satisfy the standards for appointment of counsel. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel.

Relatedly, Plaintiff asks for an unspecified extension of time to file another amended pleading until such time as he is "supplied with a writing pen with more than 1 inch of ink in it." (Doc. no. 23, p. 10.) As explained above, Plaintiff has made numerous filings in this case, including the amended complaint required by this Court's June 23, 2020 Order. The Court's instruction to Plaintiff limited the number of pages allowed for the amended complaint, and Plaintiff does not describe what additional details he was unable to include in the eighteen pages already submitted. Moreover, as explained in a simultaneously entered

Report and Recommendation, the Court has been able to ascertain the basis for Plaintiff's claims. Accordingly, the Court **DENIES** the request for an extension of time to file a second amended complaint.

SO ORDERED this 14th day of July, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA