IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JEROME ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-033 |
| | ) | |
| MS. OLIVER, Nurse Practitioner; | ) | |
| DEPUTY WARDEN GIBBONS, Security; | ) | |
| ANTHONY CALDWELL, Warden; | ) | |
| MS. CARSWELL, Mail Officer; | ) | |
| MS. MESSER, Deputy Warden of | ) | |
| Administration; MS. BRAGGS, Chief | ) | |
| Counsel; AGENTS; JOHN AND OR | ) | |
| JANE DOES, Johnson State Prison; | ) | |
| JOHN AND OR JANE DOES, Medical | ) | |
| Administrator; and OFFICER THOMAS, | ) | |
| | ) | |
| Defendants.[1] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 16), and this action be **DISMISSED** without prejudice.

---

[1]The Court **DIRECTS** the **CLERK** to update the names and titles of Defendants Oliver, Gibbons, Messer, and Braggs in accordance with the caption, which is consistent with Plaintiff's amended complaint. (Doc. no. 23, pp. 1-4.)

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

**II.    DISCUSSION**

    **A.     Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

Plaintiff states he has previously had at least two cases dismissed under the three strikes rule: Ellis v. Moody and Ellis v. Berry. (Doc. no. 23, p. 15.) Although Plaintiff does

not provide any case numbers, based on the filing information provided by Plaintiff, it appears there is one case Plaintiff filed in the Middle District of Georgia that was dismissed under the three strikes rule and named a Defendant Moody: Ellis v. Allen, et al., 7:14-cv-00079-HL-TQL, doc. no. 10 (M.D. Ga. May 27, 2014). Berry, another case filed in the Middle District of Georgia, was also dismissed under the three strikes rule. Berry, 1:19-cv-076-LAG-TQL, doc. no. 12 (M.D. Ga. July 23, 2019). Indeed, in the appeal of the dismissal of Plaintiff's complaint in 1:19-cv-076-LAG-TQL, the Eleventh Circuit Court of Appeals has identified Plaintiff as having accumulated three strikes under 28 U.S.C. § 1915(g). See Ellis v. Blocker, No. 19-13005-H, *slip op.* at 1-2 (11th Cir. Oct. 8, 2019). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.     Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff signed his original motion for injunctive relief on March 31, 2020, (doc. no. 1, p. 6), and signed an actual complaint form on June 28, 2020, (doc. no. 23, p. 18). The original filing complained about problems with Plaintiff's transfer from Autry State Prison ("ASP") to JSP, including JSP officials refusing to immediately provide the same medical treatment Plaintiff had been receiving at ASP or send Plaintiff to a doctor outside of

the prison system, having a runny nose, being assigned a "strange cell mate," and not obtaining sufficient paper and pens upon arrival on March 17, 2020.  (See doc. no. 1.)

Upon submission of his claims on a complaint form, Plaintiff alleges certain medicines were withheld for twenty-two days upon arrival at JSP, and although he was seen by medical officials at JSP, they refuse to send him to a doctor outside of the prison system as he wishes.  (Doc. no. 23, pp. 5, 6.)  Plaintiff alleges JSP officials conspired with ASP officials to change his prescriptions to less efficacious medication and make sure he was not seen by a specialist outside of the prison system to find the root cause of his continuing pain and cramps.  (Id. at 5.)  Plaintiff further alleges the food trays at JSP have dirty dishwater on them and that prison officials are not appropriately processing his grievances, which caused delay in obtaining pain medication.  (Id. at 7.)  Plaintiff also complains prison officials are opening or otherwise interfering with his mail.  (Id.)

Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger.'" Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019)  (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)).  General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown, 387 F.3d at 1350).  Plaintiff's allegations concerning his transfer to JSP on March 17, 2020, do not demonstrate a present imminent danger, and allegations of problems with food service trays containing dirty dishwater, grievance delays, and mail delivery issues likewise do not satisfy the imminent danger exception.  See Daker,

787 F. App'x at 681 (rejecting imminent danger classification based on allegations of a clerk of court returning a complaint form, as well as exposure to fecal matter, inadequate dental care, denial of outdoor exercise, and speculative claim that using unsanitary and damaged clippers might increase risk of infectious disease); Sutton, 334 F. App'x at 279 (rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception); see also Odum v. Bryan Cty. Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).

As to Plaintiff's claims about denial of medication and medical treatment, by his own admission, he has not been denied all care and/or medication. Upon his transfer to JSP, he was seen by the medical department and received pain medication. (Doc. no. 23, p. 6 (describing disagreement with outcome of medical examination not to send Plaintiff to doctor outside of prison system but conceding "medical give me [a] pain pill").)[2] This is not a case of total withdrawal of all medical treatment. Cf. Brown, 387 F.3d at 1350 (recognizing exception satisfied where "total withdrawal of treatment for serious diseases, as a result of which [the plaintiff] suffers from severe ongoing complications," makes the plaintiff more susceptible to various illnesses and rapid health deterioration). Here, Plaintiff describes no such circumstances concerning his medical treatment. He instead mainly

---

[2]Based on the numerous filings by Plaintiff in this case, it appears he disagrees with the decision to give him pain medicine other than what he previously used. (See doc. nos. 4, 10.) In fact, Plaintiff has submitted health service request forms verifying he has been seen by medical personnel, but he "will not take what I know will not help me." (Doc. no. 19-1, pp. 3-4; p. 9 (describing orders for blood work and delivery of several medications).)

complains JSP officials will not send him to a specialist outside of the prison system and that he has ongoing medical issues which he believes will be solved if he receives treatment from a doctor who does not work at JSP.  (See doc. no. 23, pp. 6-10.)  While Plaintiff does allege his medical conditions cause him pain, he does not provide any details of specific deterioration or new ailments caused by his current medical regimen.[3]

In sum, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The standard form on which Plaintiff submitted his claims, "Complaint for Violation of Civil Rights (Prisoner Complaint)," requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits.  (Doc. no. 23, pp. 16-17.)  Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition.  (Id.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id.)

---

[3]Plaintiff states he lost fifty pounds while taking "I.N.H." but provides no explanation of what that is and acknowledges his weight loss did not occur as a result of his treatment at JSP. (Doc. no. 23, p. 12.)

6

Here, pursuant to Federal Rule of Civil Procedure 11 and Plaintiff's specific addition of swearing under penalty of perjury, (doc. no. 23, p. 18), Plaintiff disclosed he filed the two cases dismissed under the three strikes rule, as discussed in Part II(A), *supra*. He also disclosed two other cases: Ellis v. Berry, et al., 1:17-cv-00171-LAG-TQL (M.D. Ga. Sept. 19, 2017) and Ellis v. Moody, et al., 7:07-cv-00011-HL-RLH (M.D. Ga. Jan. 22, 2007). (Doc. no. 23, pp. 16-17.)  However, the Court is aware of at least one other case Plaintiff filed in the Middle District of Georgia relating to the conditions of his imprisonment but failed to disclose: Ellis v. Moody, et al., 7:12-cv-00085-HL (M.D. Ga. July 2, 2012).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit);

Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, under Federal Rule of Civil Procedure 11 and Plaintiff's specific addition of swearing under penalty of perjury, (doc. no. 23, p. 18), and as described in detail above, Plaintiff failed to truthfully disclose his prior filing history. Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

### III. CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history. Therefore, the Court

**REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 16), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 14th day of July, 2020, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA