IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JEROME ELLIS,

    Plaintiff,

v.    CV 320-033

MS. OLIVER, Nurse Practitioner;
DEPUTY WARDEN GIBBONS, Security;
ANTHONY CALDWELL, Warden;
MS. CARSWELL, Mail Officer;
MS. MESSER, Deputy Warden of
Administration; MS. BRAGGS,
Chief Counsel; AGENTS; JOHN
AND OR JANE DOES, Johnson State
Prison; JOHN AND OR JANE DOES,
Medical Administrator; and
OFFICER THOMAS,

    Defendants.

O R D E R

Before the Court are *pro se* Plaintiff Jerome Ellis's "motion to withdraw signature" (doc. no. 38), "notice disposition to perpetuate testimony" (doc. no. 40), "motion for new trial" (doc. no. 42), and "motion to strike testimony's for failure to submit to cross oral examination" (doc. no. 45). These submissions were filed after the Court adopted the United States Magistrate Judge's Report and Recommendation that Plaintiff's case be dismissed under 28 U.S.C. § 1915(g)'s "three strikes" rule and the entry of judgment. For the following reasons, the motions are denied.

In the motion to withdraw signature, Plaintiff cites to Federal Rule of Civil Procedure 36 and asks the Court to "withdraw [his] signature off paper work [he] signed with counsel Roland on 8-12-20 at Johnson State Prison in relation to protential respond (sic) from Forsyth GA. to grievance [he] filed . . . ." The remainder of the motion reiterates Plaintiff's substantive arguments and states objections to the Report and Recommendation. A request to withdraw an admission under Rule 36, substantive arguments, and objection to the Report and Recommendation are all untimely at this stage in the case. Besides, it is entirely unclear from which document or admission Plaintiff wishes to withdraw his signature. Accordingly, Plaintiff's motion to withdraw signature (doc. no. 38) is **DENIED**.

Plaintiff's second filing attempts to set forth a claim for deliberate indifference to his medical needs, even including a demand for jury trial. To the extent Plaintiff intends to assert a new claim, filing a motion in this case is not the proper vehicle to do so. To the extent Plaintiff intends to support the merits of his initial claim, the time to do so has passed.[1] Plaintiff's second filing (doc. no. 40) is therefore **DENIED**.

---

[1] The Report and Recommendation advised Plaintiff that should he wish "to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)." (Doc. No. 25.)

Next, Plaintiff moves for a new trial pursuant to Rules 15, 59, and 60. However, certain grounds must be met for relief to be granted under Rules 59 or 60.[2] Plaintiff's motion does not set forth any grounds or argument for relief. Therefore, Plaintiff's motion for new trial (doc. no. 42) is **DENIED**.

Finally, Plaintiff moves to strike the testimony of all Defendants, apparently on the grounds that he was unable to cross examine them. Plaintiff's Complaint was dismissed pursuant to the three strikes rule - well before any opportunity for cross examination. Besides, there is no right to cross examine witnesses in a civil case. See Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 856 (11th Cir. 2010) (citing Birt v. Montgomery, 690, 702 n.2 (11th Cir. 1983)). Accordingly, Plaintiff's motion to strike (doc. no. 45) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of September, 2020.

*/s/ Dudley H. Bowen, Jr.*
UNITED STATES DISTRICT JUDGE

---

[2] Rule 15 governs the amendment and supplementation of pleadings, and to the extent Plaintiff moves to amend his pleadings his request is untimely.